IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRAVIS BALL, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | NO. 5:24-CV-240-CAR-CHW |
| Warden GREGORY SAMPSON, | : | |
| | : | |
| Respondent. | : | |
| | : | |

# ORDER

Petitioner Travis Ball, a prisoner in Dooly State Prison in Unadilla, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his June 16, 2014 conviction for arson in the first degree in criminal case #13R288 in the Superior Court of Upson County. ECF No. 1 at 1, 7 (referencing the June 16, 2014 conviction for arson in the first degree and criminal case #13R288). Petitioner also filed a Prisoner Account Certification. ECF No. 2. For purposes of this dismissal alone, Petitioner will be allowed to proceed without prepayment of the $5.00 filing fee.

This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides that

> [t]he clerk must forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Petitioner previously filed a § 2254 petition in this Court challenging his June 16, 2014 Upson County conviction for arson in the first degree in criminal case #13R288. *See*

ECF No. 1 at 1 and ECF No. 9-1 (both showing criminal case #13R288) in *Ball v. Sampson*, 5:23-cv-445-CAR-CHW (M.D. Ga. Nov. 6, 2023).  On July 1, 2024, the District Court adopted the Report and Recommendation of the United States Magistrate Judge and dismissed that federal habeas corpus action because it was untimely.  See ECF No. 14 in *Ball v. Sampson*, 5:23-cv-445-CAR-CHW (M.D. Ga. July 1, 2024).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  The instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 action filed by Petitioner.  Furthermore, Petitioner's previous petition qualified as a first petition for the purpose of determining successor status because the Court dismissed it as untimely.  *Hutcherson v. Riley*, 468 F.3d 750, 752, 755 (11th Cir. 2006); *Gipson v. Sec'y, Dep't of Corr.*, 784 F. App'x 683, 683 (11th Cir. 2019) (citation omitted) (upholding district court's dismissal of habeas petition as "second or successive because it challenged the same judgment at issue in his first § 2254 petition, which was denied as time-barred").  The current petition is, therefore, second or successive.

Petitioner does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition.  This failing operates as a jurisdictional bar that precludes this Court from considering the merits of the current petition.  See U.S.C. § 2244(b)(3)(A); *Holland v. Sec'y Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019) (finding that the district court is without jurisdiction to

consider a second or successive petition on the merits and must dismiss it).

Accordingly, it is **ORDERED** that the instant petition be **DISMISSED** because the District Court lacks jurisdiction to consider the petition until the appellate court authorizes it to do so.

**SO ORDERED**, this 19th day of July, 2024.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT